## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

DWIGHT BACON (#556894)

VERSUS

MAJOR BENJAMIN ZERINGUE, ET AL.

CIVIL ACTION

NO. 16-220-JWD-RLB

### ORDER

Before the Court is the plaintiff's Motion for an Order Compelling Discovery (R. Doc. 25). The motion is opposed. *See* R. Doc. 30.

The plaintiff seeks to compel production of various documents requested in discovery propounded in December of 2016 and January of 2017. *See* R. Docs. 17, 19, and 21. The defendants have responded to these requests but the plaintiff asserts that the following documents have not been produced: (1) toxicology report from October 21, 2015; (2) sick call request numbers 066546, 067632, 067633, 009067, 014548, 040296, 014042, and 055451; (3) plaintiff's investigative statement; (4) photos from hobby shop and Walnut 2; (5) all of the plaintiff's disciplinary reports issued by Maj. Zeringue;[1] and (6) a copy of phone records for February 3, 2016 documenting a call from the plaintiff's mother.

As an initial matter, the Court finds that the plaintiff's motion fails to include the required certification under Fed. R. Civ. P. 37(a)(1) that he conferred or sought to confer with opposing counsel in an effort to resolve these issues without Court action. There is also no indication that such efforts were undertaken. For this reason, the Court will not "compel" the defense to do anything and likewise will not order any costs or fees in connection with this motion. However, in an effort to keep this case moving, the Court will address the substance of plaintiff's discovery

---

[1] Plaintiff's Second Request for Production limits the scope of this request to a copy of all write-ups by Major Zeringue on plaintiff for the time period of 2010 through 2015.

issues raised in the motion and will order the defense to provide supplemental responses where appropriate.

As to the toxicology report and the sick call requests, the defendants assert that a complete copy of the plaintiff's medical records has been produced. The defendants further assert that, after a diligent search, they could not locate a toxicology report from October 21, 2015. The defendants also point out that if the plaintiff can cite the sick call request numbers, then he already has a copy of these requests in his possession. It appears that the defendants have produced all medical records in their possession. Accordingly, the plaintiff's Motion will be denied with regards to the toxicology report and the sick call request forms.

With regards to the photos from the hobby shop and Walnut 2, the defendants assert that any and all photos taken as part of the investigation of the October 21, 2015 incident were produced and, after a diligent search, no additional photographs were located. As such, it appears that the requested photos do not exist and the plaintiff's Motion will be denied in this regard.

As to the requested disciplinary reports from defendant Zeringue on plaintiff "since his time of incarceration" (R. Doc. 25 at 2), the defendants assert that they have produced all of the plaintiff's disciplinary reports for six months prior to the alleged incident and six months after the alleged incident. Plaintiff's Second Request for Production requested such reports for the time period of 2010-2015 that were issued by defendant Zeringue. (R. Doc. 19). The defense asserts that such a request is outside of the scope of discovery, overbroad, general, vague, and not reasonably calculated to lead to the discovery of admissible evidence. The defense concludes that the request is also unduly burdensome. Nothing specific is provided to explain how or why production of such documents would be unduly burdensome.

As an initial matter, the objections from the defense reference a prior version of the Federal Rules of Civil Procedure that is no longer in effect. In addition, no specifics were given as to how compliance with this particular request would be unduly burdensome. However, the Court finds that the plaintiff's request for all reports since his incarceration is overbroad as it is not completely clear how far back that would go. As such, the defendant's objection on this basis was appropriate. The Court is satisfied that the limitation set forth in the Second Request for Production, pertaining to disciplinary write-ups by defendant Zeringue against the plaintiff for the five year period between 2010-2015, is appropriate. Based on the allegations in the complaint, specifically that defendant Zeringue's actions were motivated by some prior history with the plaintiff, such interactions that led to written disciplinary reports in the past is within the scope of discovery. At a minimum, such reports could demonstrate a history of conflict or bias between the plaintiff and defendant Zeringue, which would be relevant in challenging their credibility as witnesses. Accordingly, the plaintiff's Motion will be granted in part as to production of additional disciplinary reports as set forth below.

Turning to the plaintiff's requests for his investigative statement from October 21, 2015 and for phone records from February 3, 2016, it appears that these requests have not been satisfied. The defendants assert that they have produced the plaintiff's investigative statement; however, the statement produced is dated November 8, 2015 and the plaintiff is seeking a copy of his statement made on October 21, 2015. *See* R. Doc. 30-1. Additionally, the defendants have produced documentation of a phone call by the plaintiff's mother on October 27, 2015; however, the plaintiff is seeking documentation of a phone call made by his mother on February 3, 2016. As such, the plaintiff's Motion will be granted in part with regards to the investigative statement and the phone records as set forth below.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion (R. Doc. 25) be and is hereby **GRANTED IN PART**, and defendants Zeringue and Montandon are ordered to produce a copy of the plaintiff's investigative statement made on October 21, 2015, any documentation of a phone call from the plaintiff's mother on February 3, 2016, and any disciplinary reports from defendant Zeringue[2] from 2010 through 2015. This production shall occur within 14 days from the filing of this Order, if such documents exist and are in the possession of these defendants. If said documents cannot be located, the defendants shall notify the Court and plaintiff of the same.

**IT IS FURTHER ORDERED**, that in all other regards the plaintiff's Motion (R. Doc. 25) be and is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on August 4, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] This encompasses any reports or portions of reports authored or originated by defendant Zeringue, in any way, that implicates the plaintiff.