UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DWIGHT BACON (#556894)**

**VERSUS**

**MAJOR BENJAMIN ZERINGUE, ET AL.**

**CIVIL ACTION**

**NO. 16-220-JWD-RLB**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 19, 2018.

_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DWIGHT BACON (#556894)

VERSUS

MAJOR BENJAMIN ZERINGUE, ET AL.

CIVIL ACTION

NO. 16-220-JWD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Motion to Dismiss filed on behalf of defendants Col. Antoine Whitaker and Maj. William Smith (R. Doc. 42). The motion is not opposed and plaintiff consents to their dismissal. *See* R. Doc. 44.

The *pro se* plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Major Benjamin Zeringue, Lt. Luther Montandon, Col. Antoine Whitaker and Major William Smith complaining that his constitutional rights have been violated through excessive force, and failure to protect him from the use of excessive force. The plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

Defendants Whitaker and Smith assert, *inter alia*, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "

*Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint as amended, the plaintiff alleges the following. On October 21, 2015, defendant Montandon conducted a shake down of the plaintiff. No contraband was found, but defendant Montandon accused the plaintiff of being intoxicated. The plaintiff then left the area with the intent of informing the warden that he was being harassed. When the plaintiff arrived at the warden's office he found defendant Whitaker and defendant Zeringue near the office. Defendant Montandon was behind the plaintiff.

The plaintiff began to explain the situation to defendant Whitaker while defendant Montandon spoke to defendant Zeringue.  Before the plaintiff could finish speaking to defendant Whitaker, defendant Zeringue "slammed" the plaintiff on the ground and told the plaintiff that "he been waiting to send me to Camp J."  (R. Doc. 1 at 5).  The plaintiff was then restrained with his arms behind his back secured by handcuffs.  As he was being escorted by defendant Whitaker and defendant Zeringue, defendant Zeringue tripped the plaintiff, causing him to fall on a gate and then on the ground.  Defendant Smith picked the plaintiff up, and defendant Zeringue then tried to cause the plaintiff's head to contact a wall but was stopped by defendant Whitaker.

Defendant Zeringue and defendant Smith then began to escort the plaintiff to the treatment center due to a cut above the plaintiff's left eye.  As they approached the back door, defendant Zeringue tripped the plaintiff again causing him to fall on the gate and then the ground.  The plaintiff was treated and transferred to lockdown.  The next day he declared himself a medical emergency because his head, shoulders, right elbow, knees, and wrists were bleeding. The plaintiff was not seen by a doctor for 105 days, and had not received medical treatment as of the time of the filing of his original Complaint.

The plaintiff asserts that defendants Whitaker and Smith failed to protect him from the use of excessive force by defendant Zeringue.  A defendant security officer may be found responsible for a failure to intervene and take reasonable measures to protect an inmate from another officer's excessive use of force.  See *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) *citing Hale v. Townley*, 45 F.3d 914, 916 (5th Cir. 1995).  The test in such instance is whether the observing officer had actual knowledge of a substantial risk of harm to the inmate yet disregarded that risk by failing to take reasonable measures to prevent the resulting harm.  *Id.*  This claim is evaluated under the Eighth Amendment's "deliberate indifference" standard as set

forth in *Farmer v. Brennan,* 511 U.S. 825 (1994*). See e.g. Luken v. Lynaugh,* 98 F.3d 1339 (5th Cir. 1996) (applying the "deliberate indifference" standard in connection with a failure-to-intervene claim). Under this standard, a prison official is deliberately indifferent if the official is both "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and the official in fact draws that inference. *Farmer*, 511 U.S. at 837.

The moving defendants assert that the plaintiff's Complaint as amended contains no allegations of deliberate indifference on their part. The plaintiff agrees and requests that his claims against defendants Whitaker and Smith be dismissed. As such, the defendants' Motion should be granted.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss (R. Doc. 42) be granted dismissing any claims against defendants Whitaker and Smith with prejudice. It is further recommended that this matter be referred back to the undersigned for additional proceedings.

Signed in Baton Rouge, Louisiana, on January 19, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**